UNITED STATES of America,
Plaintiff–Appellee,

v.

Felipe NAVA–PEREZ, also known as Mario Lugo–Rodriguez, also known as Jimmy De La Fuente, also known as Jimmy De La Fuentes, also known as Mario Lugo, also known as Mario R. Lugo, also known as Mario Hugo, also known as Mario Rodriguez, also known as Jimmy DeLaFuente, also known as Mario Lug, Defendant–Appellant.

No. 99–51197.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 2001.

Joseph H. Gay, Jr., Asst. U.S. Atty., San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The sole issue on appeal is whether Felipe Nava–Perez, an alien, is subject to the imposed *enhanced penalty*, under 8 U.S.C. § 1326(b)(2), for removal "subsequent to a conviction for commission of an aggravated felony", based upon the following: after having been deported (equivalent to being removed), he reentered the United States illegally; was convicted for an aggravated felony; was removed pursuant to the summary removal procedure set forth in 8 U.S.C. § 1231(a)(5) ("prior order of removal is reinstated from its original date"); reentered the United States once again; and was convicted for illegal reentry, in violation of 8 U.S.C. § 1326. We AFFIRM.

## I.

Nava–Perez was deported from the United States in July 1997. He reentered the United States illegally; in September 1998, he was convicted for an aggravated felony in Texas (cocaine possession). Following that conviction, his 1997 deportation order was reinstated pursuant to 8 U.S.C. § 1231(a)(5); in May 1999, he was deported—for the second time. Less than two months later, he was again found in the United States.

As a result, Nava–Perez was indicted on one count of illegal reentry, in violation of 8 U.S.C. § 1326. In addition, the Government filed a notice of enhanced penalty, pursuant to 8 U.S.C. § 1326(b)(2) (increasing statutory maximum sentence to 20 years for "any alien ... whose removal was subsequent to a conviction for commission of an aggravated felony"). Nava–Perez pleaded guilty.

The Presentence Investigation Report assigned a base offense level of 8. Because of Nava–Perez's prior aggravated felony conviction, his offense level was increased by 16 levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (16–level increase for unlawfully reentering United States after having been deported following aggravated felony conviction). He received a three-level adjustment for acceptance of responsibility, resulting in a total offense level of 21. With a criminal history category of VI, the guideline sentencing range was 77 to 96 months. Nava–Perez's objection to the 16–level increase was overruled; he was sentenced to 77 months imprisonment.

## II.

Nava–Perez contests the enhancement. In a supplemental brief, relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), he also maintains: the enhancement violated due process because the indictment failed to allege a prior conviction; and, without that conviction, his sentence exceeds the statutory maximum for illegal reentry.

## A.

The statutory maximum sentence for illegal reentry is two years. 8 U.S.C. § 1326(a). But, as noted, the maximum is increased to 20 years for "any alien ... whose *removal* was subsequent to a conviction for commission of an aggravated felony". 8 U.S.C. § 1326(b)(2) (emphasis added). The Sentencing Guidelines implement that provision by specifying a 16–level increase in the offense level for unlawful reentry into the United States after having been deported following a criminal conviction for an aggravated felony. U.S.S.G. § 2L1.2(b)(1)(A).

Nava–Perez maintains he is *not* subject to the enhancement, claiming his second removal, in 1999, *was effective in 1997, before* his commission of the aggravated felony in 1998. As stated, Nava–Perez's second removal in May 1999, *after* his 1998 aggravated felony conviction, was accomplished pursuant to 8 U.S.C. § 1231(a)(5):

If the Attorney General finds that an alien has reentered the United States illegally *after* having been removed or having departed voluntarily, under an order of removal, *the prior order of removal is reinstated from its original date* and is *not* subject to being reopened or reviewed, the alien is *not* eligible and may *not* apply for any relief under this chapter, and *the alien shall be removed under the prior order at any time after the reentry.*

8 U.S.C. § 1231(a)(5) (emphasis added).

The plain language of that section, according to Nava–Perez, means that, by operation of law, 1997 was the effective date of his second removal, *even though it occurred in 1999*, because the second removal was based on the reinstated 1997 removal order. Therefore, he claims, his removal in 1999 was *not* subsequent to his 1998 aggravated felony. Alternatively, Nava–Perez contends that, if we determine the statute is ambiguous, the rule of lenity

requires our holding the enhancement inapplicable.

 The district court's interpretation of § 1231(a)(5), as well as its application of the Sentencing Guidelines, are reviewed *de novo*. *E.g., United States v. Norris*, 217 F.3d 262, 273 (5th Cir.2000) (Sentencing Guidelines); *United States v. Rasco*, 123 F.3d 222, 226 (5th Cir.1997), *cert. denied*, 522 U.S. 1083, 118 S.Ct. 868, 139 L.Ed.2d 765 (1998) (statutory interpretation).

■ Contrary to Nava–Perez's interpretation of § 1231(a)(5), it does *not* treat the alien's *removal* as effective "from its original date". Instead, it provides: "the prior *order of removal* is reinstated from its original date". 8 U.S.C. 1231(a)(5) (emphasis added). It authorizes removal under the prior order "at any time *after* the reentry". *Id.* (emphasis added). In short, the statute plainly contemplates, *after* the reentry, a *second removal*, under the reinstated prior order.

Nava–Perez confuses reinstatement of the "order of removal" with his actual removal under that reinstated order. He was removed twice: once in 1997, and again in 1999, *after* his 1998 aggravated felony conviction. Although both removals are based on the same 1997 order, with the second being based on the order's reinstatement, they are, nevertheless, *separate removals*. Because the 1999 removal was subsequent to 1998, when Nava–Perez committed an aggravated felony, he was subject to the enhanced penalty pursuant to the plain, unambiguous language of § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A).

### B.

Nava–Perez contends that, under *Apprendi*, his sentence violated due process because it exceeded the two-year maximum punishment for the offense charged. He concedes this contention is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (8 U.S.C. § 1326(b)(2) is penalty provision and does *not* define separate crime; therefore, prior conviction supporting sentence enhancement does *not* have to be charged in indictment), but maintains *Apprendi* has cast *Almendarez–Torres* into serious doubt.

As Nava–Perez recognizes, we *cannot* overrule Supreme Court precedent. Instead, he raises the issue to preserve it for possible review by the Supreme Court.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*